IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2089-BO

| | | |
|---|---|---|
| GORDON MURDO MURRAY, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
|     Respondent. | ) | |

On May 11, 2011, Gordon Murray ("petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Murray seeks to serve the final 12 months of his sentence in a residential re-entry center ("RRC") and contends that the Bureau of Prisons ("BOP") has violated the Second Chance Act of 2007 by denying him RRC placement. (D.E. 1, Pet., p. 3).

Murray is currently housed at the Low Security Federal Correctional Institution at Butner. Murray is serving an 82-month term of imprisonment for Possession of Child Pornography from the Middle District of Florida. (D.E. 7, Declaration of Nicole Taborn ("Taborn Decl."), ¶ 5). Murray's current projected release date is September 6, 2014. (Id.)

Murray's claim is that he will be denied pre-release RRC placement for longer than six months once he is reviewed for such placement under 18 U.S.C. § 3624(c). However, the BOP has not considered Murray for pre-release RRC placement and will not do so until seventeen to nineteen months prior to the inmates projected release date. (Id. ¶ 6).

Article III of the Constitution of the United States grants judicial power over cases or controversies arising from the Constitution or the laws of the United States. U.S. Const. Art. III § 2, cl. 1. The "core component" of Article III's case-or-controversy requirement is that litigants have standing to bring an action before a federal court. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332,

341 (2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In order to have standing to bring his action, petitioner must demonstrate, among other things, that his claims are ripe. Ripeness requires "specific present objective harm or a threat of specific future harm[.]" Laird v. Tatum, 408 U.S. 1, 14 (1972). In deciding whether an issue is ripe, the court must decide "whether the issue is substantively definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration." Bryant Woods Inn, Inc. v. Howard County, Md., 124 F.3d 597, 602 (4th Cir.1997) (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 148–49 (1967), modified on other grounds by Califano v. Sanders, 430 U.S. 99, 104, 97 (1977); Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir.1992)). The Supreme Court has held that the requirements of fitness and hardship contemplate that "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998); see also Charter Federal Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir.1992); cert. denied, 507 U.S. 1004 (1993). "A case is fit for judicial decision where the issues to be considered are purely legal ones and where the agency rule or action giving rise to the controversy is final and not dependent upon future uncertainties or intervening agency rulings." See Charter Federal Sav. Bank, 976 F.2d at 208.

Since the BOP has taken no action against Murray with respect to his pre-release RRC placement eligibility, and because it is uncertain whether he will be placed in an RRC at all, let alone for more than six months, the court finds that Murray's claim is not ripe for review. While Murray may resort to federal habeas corpus to challenge a decision to exclude him from release to a RRC, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243–44 (3d Cir. 2005), the record in his case establishes that neither a final decision nor a final recommendation has been made. Murray does not contend that he has not received his final placement decision, and that he has not yet been

2

referred to the appropriate Community Case Manager for RRC placement. Murray's habeas corpus petition thus is not ripe for judicial review.

Accordingly, respondent's motion to dismiss (D.E. 5) based on the ripeness doctrine is ALLOWED and the case is DISMISSED without prejudice. All other pending motions (D.E. 11 and 12) are DENIED as MOOT.

SO ORDERED, This the 19 day of July 2012.

TERRENCE W. BOYLE
United States District Judge